```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MAURA LYNCH,

                 Appellant,           MEMORANDUM & ORDER
                                      17-CV-4190(JS)
         -against-

R. KENNETH BARNARD, STEPHEN S.
VACCARO, and UNITED STATES TRUSTEE,

                 Appellees.
----------------------------------x
APPEARANCES
For Appellant:     Maura Lynch, pro se
                   24 Ninevah Place
                   P.O. Box 2340
                   Sag Harbor, New York 11963

For Appellees:     Stephen Vaccaro
                   22 Dartmouth Road
                   Sag Harbor, New York 11963

                   R. Kenneth Barnard
                   3305 Jerusalem Avenue, Suite 215
                   Wantagh, New York 11793

                   David Blansky, Esq.
                   Gary F. Herbst, Esq.
                   Melanie A. Fitzgerald, Esq.
                   LaMonica Herbst & Maniscalco
                   3305 Jerusalem Avenue
                   Wantagh, New York 11793

                   Alfred Dimino
                   Office of the United States Trustee
                   Long Island Federal Courthouse
                   560 Federal Plaza
                   Central Islip, New York 11722
```

SEYBERT, District Judge:

   Currently pending before the Court is an appeal filed by Maura Lynch ("Debtor"), appearing pro se, from an order of the United States Bankruptcy Court for the Eastern District of New

York ("Bankruptcy Court"), Judge Alan S. Trust, dated June 28, 2017, converting Debtor's Chapter 11 case to a Chapter 7 proceeding (the "Conversion Order"). (See Conversion Order, Docket Entry 1, at ECF pp. 3-10.) For the reasons that follow, Debtor's appeal is DISMISSED and the Bankruptcy Court's Conversion Order is AFFIRMED.

BACKGROUND

The Court assumes the parties' familiarity with the full facts and extensive procedural history of this case and summarizes only those facts and history pertinent to the pending appeal.

I. Bankruptcy Proceedings

On November 9, 2015, Debtor filed a voluntary petition in the Bankruptcy Court, seeking bankruptcy relief under Chapter 11 of the United States Code (the "Bankruptcy Code"). (Conversion Order at 3; see generally Pet., In re Lynch, Bankr. No. 15-74795, Docket Entry 1.) Debtor's bankruptcy filing followed a contentious divorce action in New York Supreme Court, County of Suffolk (the "State Action"), filed by Stephen S. Vaccaro ("Vaccaro"), Lynch's former husband. (See Vaccaro v. Lynch, Index No. 38437-10.) Vaccaro is a creditor in the bankruptcy case, in which much of the proceedings concern monetary and property interest disputes arising from the divorce. See Lynch v. Vaccaro,

566 B.R. 290, 292-93 (E.D.N.Y. 2017), aff'd, Frank v. Lynch, 728 F. App'x 71 (2d Cir. 2018).[1]

After filing for bankruptcy, Debtor operated as a Debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. (Conversion Order at ECF p. 3.) On June 7, 2016, Debtor filed her first Chapter 11 plan of reorganization, to which a creditor, Wells Fargo Bank, N.A. ("Wells Fargo") objected on June 17, 2016.[2] (Conversion Order at ECF p. 3.) By Bankruptcy Court order, dated July 13, 2016, Debtor was required to obtain approval of a disclosure statement by September 14, 2016 and to obtain confirmation of a plan of reorganization by November 7,

---

[1] In the State Action, the court ordered equitable distribution of certain marital properties owned by Debtor and Vaccaro, including a property located at 43 Harbor Drive, Sag Harbor, New York ("Harbor Drive"). (See Lynch, 566 B.R. at 292.) Following Debtor's failure to comply with the court's equitable distribution order and her mismanagement of Harbor Drive, the state court found Debtor in contempt for obstructing the sale of that property. (Id. at 294.) Debtor commenced her bankruptcy action in order to stay the impending sale of Harbor Drive. (Id.; Appellant's Br., Docket Entry 14, at 3.) Following a Bankruptcy Court order concerning the auction and eventual sale of Harbor Drive, Debtor and the purchaser of that property appealed to this Court. (Index Nos. 16-CV-0074, 16-CV-0415, 16-CV-1475, 16-CV-1476.) Judge Bianco dismissed the appeals, ruling that they were statutorily moot. (See Lynch, 566 B.R. 290.) On June 25, 2018, that decision was affirmed by the United States Court of Appeals for the Second Circuit. Frank, 728 F. App'x 71.

[2] Wells Fargo is a secured creditor as the holder of a note and mortgage secured by property located at 24 Ninevah Place, Sag Harbor, New York. (See Wells Fargo Obj. to Plan Confirmation, Bankr. No. 15-74795, Docket Entry 282.)

3

2016.  (Conversion Order at ECF p. 4.)  The Bankruptcy Court's order noted that Debtor's failure to comply with either deadline would constitute cause for immediate conversion of the case to Chapter 7 or dismissal pursuant to 11 U.S.C. § 1112, without a hearing.  (Conversion Order at ECF p. 4.)  On August 12, 2016, Debtor filed an amended Chapter 11 plan and disclosure statement to which Vaccaro, as a creditor, and Wells Fargo objected. (Conversion Order at ECF p. 4.)

During a September 14, 2016 hearing, Debtor requested additional time to seek confirmation of a plan and advised the Bankruptcy Court that she wished to mediate her disputes with Vaccaro.[3] (Conversion Order at ECF p. 4.) By amended order, dated September 19, 2016, the Bankruptcy Court extended Debtor's time to obtain approval of a disclosure statement to December 7, 2016 and plan confirmation to February 6, 2017, noting that any failure to comply with those deadlines would constitute cause for immediate conversion of the case to Chapter 7 or dismissal, without an additional hearing.  (Conversion Order at ECF p. 5.)

On November 7, 2016, the Bankruptcy Court entered an order assigning to mediation all disputes between Debtor and Vaccaro, including disputes related to their pre-petition

---

[3] Debtor also filed a federal civil rights action in this Court against Vaccaro, the Village of Sag Harbor, and another individual.  (See Case No. 15-CV-4630), which all parties agreed to mediate.  (Conversion Order at ECF p. 4.)

4

matrimonial action. (Conversion Order at ECF p. 5; June 28, 2017 Order to Show Cause ("OSC") Hr'g Tr., Docket Entry 17, at ECF pp. 22-88, 37:5-9.) The Bankruptcy Court allowed Debtor to use estate property to fund matrimonial counsel to assist in that mediation. (Conversion Order at ECF p. 5.) On December 7, 2016, Debtor and Vaccaro advised the Bankruptcy Court that settlement efforts continued, and therefore, on January 13, 2017, the Bankruptcy Court further extended Debtor's deadline to file an amended disclosure statement and obtain approval of the plan. (Conversion Order at ECF p. 5.) The final deadlines for Debtor to obtain approval of a disclosure statement and plan of reorganization were set to June 16, 2017 and July 24, 2017, respectively. (Conversion Order at ECF p. 5.) The amended order, like the prior orders, provided that any failure to comply with those deadlines would constitute cause for immediate conversion of the case to Chapter 7 or dismissal without a further hearing. (Conversion Order at ECF pp. 5-6.)

On March 21, 2017, Vaccaro filed a letter stating that the mediation did not result in a settlement. (Conversion Order at ECF p. 6.) During a scheduled status conference on March 22, 2017, the Bankruptcy Court advised Debtor that the deadlines to obtain approval of a plan and disclosure statement would not be extended again. (Conversion Order at ECF p. 6.)

5

At a May 10, 2017 hearing, the Bankruptcy Court advised the parties that it did not appear that the plan Debtor had filed had a substantial likelihood of being confirmed, and that given the objections to the plan and disclosure statement it was not likely that Debtor would be able to meet the deadlines to obtain confirmation and approval of the disclosure statement. (Conversion Order at ECF p. 6.) The Bankruptcy Court also expressed concerns about the continued accrual of costs of administration and the deficit at which the estate was operating each month. (Conversion Order at ECF p. 6.) Therefore, the Bankruptcy Court issued an Order to Show Cause ("OSC") directing Debtor to appear for a hearing on May 22, 2017 to show cause why the case should not be converted to Chapter 7, or in the alternative, dismissed. (Conversion Order at ECF p. 6.) In accordance with that order, on May 17, 2017, Debtor filed an outline of an amended plan of reorganization. (Conversion Order at ECF p. 6.) Both Debtor and Vaccaro filed their separate responses to the OSC on May 19, 2017. (Conversion Order at ECF pp. 6-7.)

At the May 22, 2017 hearing, Debtor and Vaccaro reached a settlement and stated its terms on the record. (Conversion Order at ECF p. 7.) At the Bankruptcy Court's direction, two days after the hearing, Debtor filed a term sheet (the "Term Sheet") outlining the agreed upon settlement terms, including that Vaccaro would

vote in favor of a plan of reorganization that contained the terms of the parties' settlement. (Conversion Order at ECF p. 7.)

On June 6, 2017, Debtor filed a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019") seeking authorization and approval of the settlement. (Conversion Order at ECF p. 7.) Eight days later, on June 14, 2017, Debtor filed a notice of withdrawal of her Rule 9019 motion. (Conversion Order at ECF p. 7.) That same day, Debtor also filed an amended disclosure statement, a second amended Chapter 11 plan, a motion to approve the adequacy of the amended disclosure statement, and a motion to shorten the time for creditors to consider approval of the disclosure statement. (Conversion Order at ECF p. 7.)

On June 15, 2017, Vaccaro filed an objection to Debtor's motions arguing that Debtor showed no basis to shorten the notice period, the amended plan did not incorporate the terms of the agreement set out in the filed Term Sheet, and the amended disclosure statement could not be approved by the June 16, 2017 deadline. (Conversion Order at ECF p. 7.) On June 21, 2017, the Bankruptcy Court set a hearing for June 28, 2017 on the Rule 9019 motion and on Debtor's motion to limit notice. (Conversion Order at ECF p. 8.) On June 26, 2017, Vaccaro filed a limited objection to the Rule 9019 motion that Debtor sought to withdraw, contending that it contained terms that were not part of the proposed

7

settlement to which the parties had agreed at the May 22 hearing or in the signed Term Sheet. (Conversion Order at ECF p. 8.)

At the June 28, 2017 hearing, the Bankruptcy Court noted that it could not hear the Rule 9019 motion as Debtor had withdrawn it. (OSC Hr'g Tr., 41:16-17.) It also acknowledged that the amended plan did not incorporate the terms of the agreement Vaccaro and Debtor had reached. (OSC Hr'g Tr., 41:25-42:2.) Additionally, the United States Trustee ("Trustee") stated that Debtor's amended disclosure statement was not in a form which could be approved under 11 U.S.C. § 1125, since it lacked any significant financial information and the amended plan did not appear to be confirmable. (Conversion Order at ECF p. 8.) Further, the Bankruptcy Court stressed that no agreement had been reached for a modification of the loan owed to Wells Fargo, which was then over $700,000 in arrears, even though the bankruptcy case had been pending for more than eighteen months. (Conversion Order at ECF p. 8; OSC Hr'g Tr., 16:2-17:7; 31:8-25.) The Bankruptcy Court also emphasized that it had been consistent and clear that if Debtor could not efficiently administer the estate by the court-imposed deadlines, the case would be converted or dismissed. (OSC Hr'g Tr., 45:11-18.) Finally, it noted that conversion of the case served the creditors more than dismissal because it would allow assets to be liquidated to pay creditors. (OSC Hr'g Tr., 45:1-5.)

8

Therefore, "based on the long history of this case, given the inability of Debtor to obtain approval of a Disclosure Statement and confirmation of a Plan of Reorganization as required by prior Orders of this Court, given unreasonable delays by Debtor which are prejudicial to creditors, and, given the conversion of this case to chapter 7 is in the better interests of creditors than dismissal," the Bankruptcy Court ordered conversion of the case from Chapter 11 to Chapter 7 pursuant to Section 1112(b)(4)(A),(E) and (J). (Conversion Order at ECF pp. 8-9.) R. Kenneth Barnard ("Barnard") was appointed as the Chapter 7 trustee over Debtor's estate. (See Bankr. No. 15-74795, Docket Entry 458.)

## II. Procedural History

Debtor filed a Notice of Appeal of the Conversion Order on July 13, 2017. (Notice Appeal, Docket Entry 1, at 1-2.) She filed her brief on February 13, 2018, (see Appellant's Br.), and Barnard as Chapter 7 Trustee of the estate filed a brief in opposition on March 15, 2018. (Barnard Opp., Docket Entry 15.) Debtor submitted her reply on March 30, 2018 (Appellant's Reply, Docket Entry 17.)

## DISCUSSION

## I. Legal Standard

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the

9

United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). This Court reviews the Bankruptcy Court's Conversion Order under an abuse of discretion standard. See, e.g., In re Blaise, 219 B.R. 946, 950 (2d Cir. 1998) ("[A]n order converting a bankruptcy case for cause is reviewed for an abuse of discretion."); Derivium Cap. LLC v. U.S. Trustee, No. 05-CV-10845, 2006 WL 1317021, at *7 (S.D.N.Y. May 12, 2006) ("This Court reviews an order converting a bankruptcy case for cause, for an abuse of discretion."). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings." In re Blaise, 219 B.R. at 950 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Factual findings must be upheld if plausible in light of the record viewed in its entirety." In re Robbins Int'l, Inc., 275 B.R. 456, 464–65 (S.D.N.Y. 2002) (internal quotations, citations omitted). The Bankruptcy Court's legal conclusions are reviewed de novo. See In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994).

II. Issues on Appeal

The scope of this appeal is limited to the Bankruptcy Court's Conversion Order. Accordingly, the Court will disregard Debtor's arguments that were the subject of a prior appeal to this Court,[4] and contentions that the Bankruptcy Court improperly relied on state court orders that she alleges violated her due process rights.[5] Therefore, for purposes of this appeal, the Court will solely determine whether the "Bankruptcy Court erred and abused its discretion when it converted the Chapter 11 case to one under

---

[4] Specifically, Debtor argues that the Bankruptcy Court erred in its' prior orders excusing the receiver from compliance with Sections 543(a) and (b) of the Bankruptcy Code and approving the auction procedures for the sale of Harbor Drive, pursuant to Section 363 of the Bankruptcy Code. (Appellant Br. at 17-27.) Debtor contends that "the same deprivations and incorrect rulings which deprived Debtor of utilizing Bankruptcy Code sections 362 and 543, and the proper use of Code section 363, with regard to the Harbor property repeated throughout the rest of the case resulting in additional adverse rulings that prevented Debtor from having any fair opportunity of reorganization, and led to the Bankruptcy Court's erroneous decision to convert her case to one under Chapter 7." (Appellant's Reply at 16.) Thus, Debtor contends that it was the Bankruptcy Court's own mishandling of the Chapter 11 case that led to conversion. However, these issues were fully adjudicated on a prior appeal to this Court, see Lynch, 566 B.R. 290, aff'd, Frank v. Lynch, 728 F. App'x 71 (2d Cir. 2018), and the Court will not address them again here.

[5] These claims are not properly before this Court. (See Appellant's Br. at 15-17.) As Judge Bianco emphasized in his dismissal of Debtor's prior appeal to this Court, "there is a long tradition of federal abstention in cases pertaining to family affairs . . . . In concert with this principle, this Court, like the Bankruptcy Court, refuses [Debtor's] invitation to impugn the integrity of the State Court proceedings." Lynch, 566 B.R. at 303, n.4.

11

Chapter 7" and whether Debtor was provided "notice and a hearing pursuant to Bankruptcy Code section 1112(b)." (Appellant Br. at 33.)

A.   Conversion of the Chapter 11 Case

Section 1112 of the Bankruptcy Code ("Section 1112") governs the conversion or dismissal of a case filed under Chapter 11, and "is intended to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." In re Lizeric Realty Corp., 188 B.R. 499, 503 (S.D.N.Y. 1995). Under Section 1112(b)(1), "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1). Section 1112(b) provides a non-exhaustive list of circumstances constituting cause, 11 U.S.C. § 1112(b)(4); In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 and n.5 (2d Cir. 1997) ("It is important to note that this list is illustrative, not exhaustive."), and grants the bankruptcy court broad equitable discretion to grant relief based upon the particular facts and circumstances of the case, See Id.; In re BH S & B Holdings, LLC, 439 B.R. 342, 346 (S.D.N.Y. 2010) (noting that a bankruptcy court has "wide discretion" to determine whether cause exists to dismiss or convert a Chapter 11 case under

12

Section 1112(b)). If a bankruptcy court determines that cause has been shown, then it "has no choice, and no discretion," and must dismiss or convert the Chapter 11 case. In re Friedberg, No. 3:12-CV-0940, 2013 WL 869937 at *3 (D. Conn. March 5, 2013) (internal quotation marks and citation omitted).

Here, the Bankruptcy Court found cause for conversion under three independent factors: (1) under Section 1112(b)(4)(A), based upon "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"; (2) under Section 1112(b)(4)(E), based upon "failure to comply with an order of the court"; and (3) under Section 1112(b)(4)(J), based upon "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(A), (E), (J); (see Conversion Order). The Court finds that the Bankruptcy Court did not abuse its discretion in concluding that there was cause to convert or dismiss the case pursuant to Section 1112(b)(4). Its finding of cause was not based on clearly erroneous or insufficient factual findings or on an erroneous view of the law.

The evidence before the Bankruptcy Court clearly supports its decision. Among other things, the Bankruptcy Court found that Debtor initially failed to timely file a disclosure statement and plan of reorganization after it granted her numerous

13

extensions of time in which to do so. (OSC Hr'g Tr., 36:17-37:4.) Further, it found that the disclosure statement and plan that Debtor eventually submitted on June 14, 2017 was unlikely to be approved. (OSC Hr'g Tr., 22:13-24.) Thus, the Bankruptcy Court noted that it would have been impossible for Debtor to obtain confirmation of the plan by the court-imposed deadline of July 24, 2017. (OSC Hr'g Tr., 23:12-17; 42:12-21.) Additionally, the Bankruptcy Court found that the plan submitted was not consistent with the settlement agreement Debtor had reached with Vaccaro.[6] (OSC Hr'g Tr., 22:16-19.)

The Trustee's findings further support the Bankruptcy Court's Conversion Order. At the June 28, 2017 hearing on the OSC, the Trustee noted that Debtor's proposed plan was not confirmable for numerous reasons, including because "[t]he disclosure statement is incapable of being determined by the Court as containing adequate information as it contains not one bit of financial information that would be required for a creditor to determine if it should vote for or against or object to the plan." (OSC Hr'g Tr., 22:19-24.) Additionally, the Trustee stated that

---

[6] In fact, the Bankruptcy Court had granted a final extension to Debtor based on her agreement to mediate with Vaccaro. (See Conversion Order at ECF pp. 4-5.) However, after reaching a settlement with Vaccaro and stating its terms on the record, Debtor pulled out of that agreement by withdrawing her Rule 9019 motion and changing the terms of her proposed reorganization plan. (See Conversion Order at ECF p. 7.)

14

"[t]he plan that is presently on file . . . would make [ ] it almost an impossibility for the plan that's being proposed now to be confirmed and to allow for the distribution of creditors." (OSC Hr'g Tr., 23:12-17.) The Trustee stressed:

> [I]n a year and a half, other than in essence what has been forced to occur based upon the Court's decisions, nothing else has really happened in the case. The issues revolving around the matrimonial case, the equitable distribution issues have not been resolved. . . . So overall, we've been a year and a half and very little has been accomplished. The creditors deserve to be paid. There are assets that exist that would provide sufficient monies to pay them . . . So we believe that it's in the best interest of creditors to convert the case, allow a trustee to come in. . . . I do believe that the appointment of a Chapter 7 trustee and the conversion is more economically consistent than would be the appointment of a Chapter 11 operating trustee.

(OSC Hr'g Tr., 23:21-24:25.)

In light of the above, the Bankruptcy Court's order converting Debtor's Chapter 11 case to a Chapter 7 proceeding was not an abuse of discretion. The Bankruptcy Court ordered conversion principally because of its concern that the value of the estate was being diminished and the proposed reorganization plans appeared to have little chance of succeeding. (OSC Hr'g Tr., 30:16-31:7; 41:4-44:22.) The Bankruptcy Court emphasized that eighteen months into the bankruptcy case, "there [was] no agreement for repayment of or modification of the Wells Fargo mortgage nor does the estate have adequate unencumbered funds to

15

secure those substantial arrears which now appear to exceed $700,000." (OSC Hr'g Tr., 41:11-15.) The Bankruptcy Court also noted that there were more creditors in the case that were not afforded the opportunity to object to or approve the Rule 9019 motion, as Debtor withdrew it. (OSC Hr'g Tr., 41:17-24.)

Therefore, in light of Debtor's inability to obtain approval of the disclosure statement and confirmation of a plan as required by prior court orders and Debtor's series of delays that were prejudicial to creditors, the Bankruptcy Court concluded that converting the case to Chapter 7, rather than dismissal, would be in the best interest of the creditors.[7] (OSC Hr'g Tr., 44:14-22.) The foregoing makes clear that the Bankruptcy Court did not abuse its discretion in concluding that there was ample cause for conversion under 11 U.S.C. § 1112(b)(A),(E), and (J).[8]

---

[7] Furthermore, at the time of the conversion hearing, Debtor attempted to terminate her third set of bankruptcy counsel. (See OSC Hr'g Tr., 8:14-25.) The Bankruptcy Court noted that the estate had already incurred $400,000 in fees for the first two counsel who were terminated by Debtor. (OSC Hr'g Tr., 44:3-5.) Emphasizing that Bankruptcy counsel represent the estate, not Debtor individually, the Bankruptcy Court expressed its reluctance to allow Debtor to terminate counsel and hire a fourth set of Chapter 11 counsel. (OSC Hr'g Tr., 43:9-44:13.)

[8] Barnard contends that not only was the Conversion Order properly granted, but also that the doctrine of equitable mootness precludes Debtor's appeal since Debtor failed to seek or obtain a stay of the administration of her estate pending the instant appeal, and the Trustee has significantly intervened in the administration of the estate. (Bernard Opp. at 14-17.) However, the Court need not address the issue of equitable

16

B.  <u>Notice and a Hearing</u>

Under Section 1112(b) of the Bankruptcy Code, the court may convert a case only "after notice and a hearing." 11 U.S.C. § 1112(b). The hearing requirement contained in Section 1112(b) is not absolute and requires only that interested parties be afforded "'such opportunity for a hearing as is appropriate in the particular circumstances.'" <u>In Re C-TC 9th Ave. P'ship</u>, 113 F.3d at 1312 (quoting 11 U.S.C. § 102(1)(A)). An evidentiary hearing need not be held on every conversion motion or in every instance in which debtor has requested one. See <u>In re Tiana Queen Motel, Inc</u>, 749 F.2d 146, 150 (2d Cir. 1984) (rejecting "the proposition that § 1112(b) requires the holding of a full evidentiary hearing prior to the entry of a conversion order.").

Debtor argues that the Bankruptcy Court's Conversion Order should be overturned on the ground that she was denied notice and a hearing. (Appellant Br. at 33-35.) This argument rests upon a flawed factual premise inasmuch as the Bankruptcy Court provided notice and hearings to Debtor on multiple occasions. First, at a hearing held on July 13, 2016, the Bankruptcy Court warned Debtor that "[i]f [she] is not able to obtain confirmation of a plan by November 7th the Court will convert the case to Chapter 7 unless the debtor shows cause why even after being unable

---

mootness as it finds that the Bankruptcy Court's Conversion Order was not an abuse of discretion.

17

to obtain confirmation dismissal is better for her creditors." (July 13, 2016 Hr'g Tr., In re Lynch, Bankr. No. 15-74795, Docket Entry 268, 47:1-5.) Further, in three orders memorializing extended deadlines in which Debtor was to obtain approval of a disclosure statement and confirmation of a plan of reorganization, the Bankruptcy Court noted that "any unexcused failure to comply" with those deadlines "shall constitute cause for immediate conversion of the case to chapter 7 or dismissal." (July 16, 2016 Order, In re Lynch, Bankr. No. 15-74795, Docket Entry 257, at 2; Sept. 19, 2016 Am. Order, In re Lynch, Bankr. No. 15-74795, Docket Entry 284, at 2; Jan. 13, 2017 Am. Order, In re Lynch, Bankr. No. 15-74795, Docket Entry 317, at 2.) Additionally, at a hearing held on May 10, 2017, the Bankruptcy Court warned Debtor that it did not appear that the current plan had a substantial likelihood of being confirmed or that Debtor would likely meet the deadlines set out in the January 13, 2017 Order. (May 10, 2017 OSC, In re Lynch, Bankr. No. 15-74795, Docket Entry 408, at 5.) The Bankruptcy Court also "expressed concerns for the continued accrual of costs of administration and the deficit at which the estate [was] operating each month." (May 10, 2017 OSC, In re Lynch, Bankr. No. 15-74795, at 5.) That same day, the Bankruptcy Court entered an OSC, "to show cause why this case should not be converted to a case under Chapter 7, . . . or in the alternative dismissed", and scheduled a hearing date for May 22, 2017.

18

(Conversion Order at ECF p. 6.) Debtor subsequently filed a plan summary and response to the OSC, and Vaccaro filed a statement in support of the OSC. (Conversion Order at ECF p. 6.)

At the May 22, 2017 hearing, the Bankruptcy Court allowed the parties to mediate, which resulted in a settlement agreement memorialized on the record. (Conversion Order at ECF p. 7.) However, as noted, Debtor pulled out of that agreement by withdrawing her Rule 9019 motion on June 14, 2017. (Conversion Order at ECF pp. 7.) Finally, the Bankruptcy Court held a final hearing on the issue of conversion on June 28, 2017, when it noted that it had been "consistent and clear that if the debtor could not efficiently administer the estate by the deadlines previously set, the case would be either converted or dismissed." (OSC Hr'g Tr., 45:15-18.)

Thus, Debtor was provided with ample notice and numerous hearings prior to the conversion of her Chapter 11 case, which satisfied Section 1112(b)'s notice and hearing requirements.

## CONCLUSION

The order appealed from is AFFIRMED and Debtor's appeal is DISMISSED. The Clerk of the Court is directed to mail a copy of this Order to the pro se Appellant and mark the case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: September  19 , 2018
       Central Islip, New York